UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JAMES GLENDENING, :
: Case No. 19-cv-01167-JMY
*Plaintiff* :
:
v. :
:
FAIR ACRES GERIATRIC CENTER, :
:
*Defendant* :

# MEMORANDUM

**YOUNGE, J.**                                                                                                                                      **OCTOBER 28, 2019**

In this age discrimination case, Plaintiff James Glendening alleges that he was forced to resign from a pre-employment training program with Defendant Fair Acres Geriatric Center, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621. Now before the Court is Defendant's Motion to Dismiss (ECF No. 3). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons that follow, Defendant's Motion to Dismiss will be denied.

**I.    BACKGROUND[1]**

Defendant is a non-profit skilled nursing facility operated by Delaware County, Pennsylvania. (Compl. ¶¶ 6-7.) At age seventy-five, Plaintiff applied for Defendant's CNA Training Program. (*Id*. ¶¶ 10-11.) According to Defendant's website:

> The CNA Training Program is a free training program sponsored by Fair Acres Geriatric Center for the preparation and training of potential employees interested in becoming Nursing Assistants . . .

---

[1] Unless otherwise noted, the following facts are taken from Plaintiff's Complaint ("Compl.," ECF No. 1).

> Completion of the program is not a guarantee of employment at Fair Acres. The program is approved by the Pennsylvania Department of Education and lasts 120 hours, or about 4 weeks. It includes classroom instruction, skills lab and clinical hours. Classes are held daily from 7am to 3pm, Monday through Friday. Daily attendance and punctuality is mandatory and any absence or lateness is reason for dismissal from the program. Once completed, a student may be offered employment at Fair Acres.

(Motion at 26-27, Ex. B).[2]

On February 22, 2018, Plaintiff began the four-week CNA Training Program. (Compl. ¶ 16.) On the second day of the program, "Plaintiff took and passed a test with a score of 96." (*Id*. ¶ 18.) Following administration of the test, Plaintiff met with the classroom instructor, Nurse DeCeccio, for individual critique. (*Id*. ¶¶ 17, 19.) During this meeting, "Nurse DeCeccio [] told Plaintiff that [he] would not be able to do the work as a CNA and that Plaintiff should

---

[2] When considering a motion to dismiss, a court typically does not look beyond the complaint unless it elects to convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016) ("In considering a motion to dismiss, the district court is also bound not to go beyond the facts alleged in the [c]omplaint . . . [i]f other matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment[.]"); *see also Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Nonetheless, at the pleading stage a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *Bruni*, 824 F.3d at 360. Here, Defendant requests that the Court take judicial notice of screen shots of one of Defendant's websites. (*See* Motion at 26-27, Ex. B.) The screen shots allegedly promote and explain Defendant's CNA Training Program. (*See id*.) While it is not uncommon for courts to take judicial notice of information found on the internet, "private corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned." *Victaulic Co. v. Tieman*, 499 F.3d 227, 237 (3d Cir. 2007) (internal quotation marks omitted). However, under the doctrine of incorporation by reference, in analyzing a motion to dismiss, the Court may consider not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint necessarily relies on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested. *See In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that a document "integral to or explicitly relied upon" in the complaint may be considered in ruling on a motion to dismiss); *see also DiFronzo v. Chiovero*, F. App'x 605, 607 (3d Cir. 2011) (document integral to or specially relied on by complaint may be considered). Plaintiff's Complaint relies on the information contained in Defendant's Exhibit B (*i.e.*, screenshot of Defendant's website), and even quotes portions of Exhibit B in his Complaint. (*Compare* Motion at 26-27, Ex. B, *with* Compl. ¶¶ 12,14.) Given that Plaintiff does not contest the relevance or authenticity of this screenshot, the Court notes that it has considered Exhibit B in reaching its determination in this Memorandum.

resign and go home and enjoy [his] retirement." (*Id*. ¶ 20.) Nurse DeCeccio also allegedly "told Plaintiff that if [he] did not resign from Defendant's CNA Training Program, there were other ways to eliminate Plaintiff[.]" (*Id*. ¶ 21.) Plaintiff "felt like he had no other option but to resign from Defendant's CNA Training Program. Plaintiff signed the resignation form and Nurse DeCeccio told Plaintiff to leave the building." (*Id*. ¶ 22.) Therefore, Plaintiff maintains that "Defendant rejected [him] for employment as a CNA because of Plaintiff's age." (*Id*. ¶ 24.)

Based on these facts, Plaintiff filed this action against Defendant on March 19, 2019, asserting two claims for relief: (1) violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*; and (2) age discrimination in violation of the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. Ann. § 951 *et seq*. (*See* Compl. at 4-7.) Plaintiff requests: (1) declaratory and injunctive relief; (2) back pay, front pay, and liquidated damages; (3) attorneys' fees and costs of suit; and (4) such other relief as the Court deems necessary and appropriate. (*Id*.)

Defendant filed the instant Motion to Dismiss on May 21, 2019. On June 4, 2019, Plaintiff filed his Opposition ("Opp.," ECF No. 4).

**II.  LEGAL STANDARD**

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id*. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is

3

"more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

In *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009), the Third Circuit held that the heightened standard of plausibility set forth by *Iqbal* and *Twombly* applies to pleadings in an employment discrimination context. However, this heightened standard does not require a plaintiff to establish a prima facie case of discrimination in order to survive a motion to dismiss. *Id*. ("Even post-*Twombly*, it has been noted that a plaintiff is not required to establish the elements of a prima facie case . . ."). Rather, to survive a motion to dismiss in an employment discrimination context, a plaintiff must present factual allegations that would "'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]'' of the prima facie case. *Id*. (quoting *Phillips v. Cnty. of Allegheny*, , 234 (3d Cir. 2008)).

### III. DISCUSSION

Defendant moves the Court to dismiss Plaintiff's Complaint, arguing that Plaintiff's allegations fail to state a plausible claim of age discrimination. (*See* Motion at 8-13.) More

4

specifically, Defendant contends that "Plaintiff cannot establish an ADEA failure to hire claim with direct evidence of discrimination[, and] is also unable to establish a prima facie claim of discrimination under the ADEA." (*Id*. at 9.) In response, Plaintiff argues that he has sufficiently pleaded his claims. (*See* Opp. at 4-7.) After careful consideration, the Court agrees with Plaintiff.

The ADEA and PHRA both provide a remedy for discrimination in private employment on the basis of age. *See* 29 U.S.C. § 623(a)(1); *see also* 43 Pa. Cons. Stat. Ann. § 951.[3] The ADEA prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age," 29 U.S.C. § 623(a)(1), protecting workers "who are at least 40 years of age," 29 U.S.C. § 631(a). A plaintiff alleging that he was subjected to adverse employment action, such as failure to hire, in violation of the Act must show that his "age was the but-for cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). It is not enough for a plaintiff to show that his age was a factor that motivated the employer's action; he must instead point to evidence that could support an inference that his age had a "determinative influence" on the decision. *Id*. at 176. This burden remains squarely with the plaintiff, who may prove his claims through direct or circumstantial evidence. *Id*. at 177

Prior to the Supreme Court's decision in *Gross*, the Third Circuit had instructed that direct evidence of age discrimination meant "evidence sufficient to allow the jury to find that the 'decision makers placed substantial negative reliance on [the plaintiff's age] in reaching their

---

[3] The Third Circuit has held that, "while the Pennsylvania courts are not bound in their interpretations of Pennsylvania law by federal interpretations of parallel provisions in Title VII, the ADA, or the ADEA, its courts nevertheless generally interpret the PHRA in accord with its federal counterparts." *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (internal citations omitted). For this reason, claims under the ADEA and the PHRA are treated co-extensively, and the Court will construe both of Plaintiff's claims in light of the case law defining the elements of pleading in an ADEA claim.

5

decision to fire him.'" *Fakete v. Aetna, Inc.*, 308 F.3d 335, 338 (3d Cir. 2002) (quoting *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 976 (3d Cir. 1998)). However, *Gross* now modifies this standard and makes clear that "substantial negative reliance" on age is not enough; the "[d]irect evidence must be sufficient on its own to allow a factfinder to determine that age was the but-for cause of the termination decision." *Palmer v. Britton Indus., Inc.*, 662 F. App'x 147, 151 (3d Cir. 2016). In other words, direct evidence demonstrates on its face that the employment decision was reached for discriminatory reasons. *See Katchur v. Thomas Jefferson Univ.*, 354 F. Supp. 3d 655, 665 (E.D. Pa. 2019) ("[D]irect evidence is overt or explicit evidence which directly reflects discriminatory bias by a decision maker.") (internal quotation marks and citation omitted). Furthermore, the Third Circuit emphasizes the importance of context as well as temporal proximity of allegedly discriminatory statements to adverse employment consequences. *See*, *e.g.*, *Kim-Foraker v. Allstate Ins. Co.*, 834 F. Supp. 2d 267, 274 (E.D. Pa. 2011) (supervisor's allegedly discriminatory remarks did not demonstrate that employee's race or national origin was motivating factor in adverse employment action because none of the remarks were made when employee was fired); *Ade v. KidsPeace Corp.*, 401 F. App'x 697, 704 (3d Cir. 2010) (supervisor's allegedly discriminatory questions and comments made six months before employee's termination not sufficient to demonstrate discriminatory animus behind adverse employment action); *Fakete*, 308 F.3d at 336 (supervisor's statement that employee was less desirable because of his age and that company preferred younger employees was direct evidence of age discrimination when statement was made during a meeting discussing plaintiff's future with the company upon reorganization).

Here, Plaintiff points to Nurse DeCeccio's statements as direct evidence of age discrimination, arguing that they clearly suggest animus and "a negative view of Plaintiff's age."

(Opp. at 5.) Plaintiff reasons that "[c]ertainly Nurse DeCeccio would not tell a thirty-year old or forty-year old applicant/trainee to resign and go home and enjoy retirement." (*Id.*) The Court agrees. The alleged statement of Nurse DeCeccio, instructor for the training program, that Plaintiff should go home and enjoy retirement "amounts to overt or explicit evidence which directly reflects discriminatory bias by a decision maker." *Katchur*, 354 F. Supp. 3d at 665-66. This statement pertained to his "ab[ility] to do the work as a CNA" and was made in the context of a discussion about his age. (Compl. ¶ 20.) When the Court juxtaposes this alleged direct evidence of age discrimination with the Plaintiff's belief that he "felt like he had no other option but to resign [at that very moment] from Defendant's CNA Training Program[,]" it is plausible that "Defendant rejected Plaintiff for employment as a CNA because of Plaintiff's age." (Compl. ¶¶ 22, 24.) In other words, Nurse DeCeccio's discriminatory statements qualify as direct evidence of discrimination because context and timing are both closely linked to the adverse action. Thus, Plaintiff has sufficiently pleaded a claim for age discrimination with direct evidence. The Court therefore need not address Defendant's argument as to whether Plaintiff has sufficiently alleged facts demonstrating a prima facie case of discrimination.

In summary, the factual allegations in the Complaint are sufficient to "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Connelly*, 809 F.3d at 789 (quoting *Phillips*, 515 F.3d at 234). The Court finds that, when liberally construed and taken as true, Plaintiff's factual allegations support plausible causes of action under the ADEA and PHRA. Therefore, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be denied.

### IV. CONCLUSION

For the reasons discussed above, the Court will deny Defendant's Motion to Dismiss. An appropriate Order will follow.

**IT IS SO ORDERED.**

**BY THE COURT:**

/s/ Judge John Milton Younge

**Judge John Milton Younge**